# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| F. CHRISTOPHER BRUSSOW, | |
| Plaintiff, | REPORT AND RECOMMENDATION |
| vs. | Case No.  2:04CV459 |
| CONSTANTINE RODIN, NATHAN SWENSEN, SALT LAKE CITY, | Judge Tena Campbell |
| Defendants. | Magistrate Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(B).  Before the court is Defendants Constantine Rodin ("Rodin"), Nathan Swensen ("Swensen"), and Salt Lake City's  ("the City") (collectively "Defendants") Motion for Summary Judgment.  Specifically, Defendants assert that (1) Plaintiff F. Christopher Brussow ("Brussow" or "Plaintiff") has failed to state a valid cause of action against the City, (2) Brussow has failed to set forth a specific constitutional right allegedly violated,[1] (3) any force used to control Brussow was objectively reasonable, and (4) Rodin and

---

[1]Defendants contend that Brussow failed to identify a constitutional right allegedly violated by the officers and merely seeks judgment pursuant to 42 U.S.C. § 1983.  Section 1983 provides a remedy for a violation of a constitutional or federal right caused by an action taken under color of state law but does not create any substantive rights by itself.  *See Lugar v. Edmonston Oil Co.*, 457 U.S. 922, 924 (1982).  While Brussow failed to precisely identify in his amended complaint a constitutional right allegedly infringed by the officers, it is clear that he is alleging that the officers used excessive force in violation of his Fourth Amendment rights.  *See Roska v. Peterson*, 328 F.3d 1230, 1242-43 (10th Cir. 2003) (stating that claims of excessive force are properly considered under the Fourth Amendment).

Swensen are entitled to qualified immunity.  A hearing on the motion was held April 26, 2006.

Defendants were represented by J. Wesley Robinson, and Plaintiff was represented by Franklin

R. Brussow.  Before the hearing, the court carefully considered the memoranda and other

materials submitted by the parties.  Since taking the motion under advisement, the court has

further considered the law and facts relating to the motion.  Now being fully advised, the court

recommends that Defendants' Motion for Summary Judgment be granted.

## I.  BACKGROUND

**Defendants' version of events:**

At approximately 1:30 a.m. on May 17, 2000, Salt Lake City Police officers Rodin and

Swensen were in their patrol car at 740 East and 800 South.  Rodin and Swensen observed a

vehicle skidding around a corner at an excessive speed with its tires squealing.  The officers

noticed that the brakes were being applied in an erratic manner causing the vehicle to jolt with a

loud brake noise.  The officers followed the vehicle to where it stopped at 650 East 800 South, a

block from the officers' location.  Rodin observed a female, Jennifer Rost ("Rost"), exit the

vehicle from the passenger side, and Brussow sitting in the driver's seat.  The vehicle, however,

was not running, and the keys were not in the ignition.  Rost had the keys in her possession and

claimed that she had been driving.  She further stated that she and Brussow had switched places

right before she exited the vehicle.

The officers observed that Brussow was extremely intoxicated in that he needed

assistance walking and his speech was slurred.  The officers arrested Brussow for (1) being drunk

in and about a vehicle and (2) public intoxication.  He was placed in handcuffs and seated in the

backseat of the patrol car.  A routine warrants check revealed that Brussow had an outstanding

$2500 warrant for contempt of court.

2

While the officers were questioning Rost, Swensen noticed that Brussow was hunched over in the patrol car, attempting to bring his hands under his feet to the front of his body. Both officers removed Brussow from the patrol car and put him on his right side on the ground. Brussow's hands were still under his thighs. The officers attempted to bring his hands from under his thighs to the small of his back, but Brussow either could not or would not comply. Because the officers had to struggle with Brussow in order to re-handcuff him, Brussow suffered minor abrasions to his hands, right knee, forhead, and right shoulder.

Brussow entered into a diversion agreement in state court. He completed alcohol treatment and, in exchange, his charges were dismissed. On May 14, 2004, Brussow filed this action alleging that Defendants violated his constitutional rights when they attempted to re-handcuff Brussow. Brussow filed an Amended Complaint on December 13, 2004. Defendants answered the Amended Complaint on January 11, 2005. On April 26, 2005, the court entered the scheduling order in this matter and ordered that Rule 26(a)(1) disclosures be completed by May 20, 2005, fact discovery be completed by October 15, 2005, and Brussow's expert reports to be served by November 15, 2005. To date, Brussow has failed to engage in any discovery and has taken no action in this matter (other than correspondence) since entry of the scheduling order.

**Plaintiff's version of events:**

Brussow contends that before the officers arrived he and Rost had both exited the vehicle and began walking toward Rost's residence. Prior to reaching Rost's residence, Brussow returned to the vehicle to retrieve his CD player from under the driver's seat. Brussow entered the vehicle from the driver's side. Rost followed Brussow and opened the passenger door to inform him that she had put the CD player under the passenger seat of the vehicle. At that time, the officers pulled up behind the vehicle.

Brussow states that he got out of the driver's side of the vehicle and walked toward the police car.  Brussow contends that Rodin falsely acccused him of a DUI and to placate Rodin, Brussow emptied his pockets on the ground to show Rodin that he did not have the keys to the vehicle. Brussow asserts that while he was intoxicated, he did not need assistance walking and his speech was not slurred.

Brussow contends that Rodin falsely arrested him for public intoxication and being drunk in or around a vehicle.  Brussow states that although he was compliant, Rodin nonetheless handcuffed Brussow's hands tightly behind his back causing him extreme pain.  Brussow informed Rodin of the pain, but Rodin refused to loosen the handcuffs and placed Brussow in the back of the police car.  Thus, to relieve the pain, Brussow moved his hands underneath his buttocks, around his feet, and up into his lap.  Brussow then leaned up against the door and fell asleep.  Brussow made no effort to remove the handcuffs nor did he attempt to escape. Brussow states that Rodin then "snatched the door of his police car open, grabbed me, dragged me out and threw me down on the pavement on my face and chest" causing the injuries.

Brussow further contends that the public intoxication charge was dismissed for failure of proof prior to trial.  Brussow also states that during the bench trial, the court informed counsel at a sidebar that because there was insufficient evidence to convict Brussow, the court was going to allow him to enter a diversion agreement in exchange for dismissal of the remaining charge.

## II.  DISCUSSION

### A.  Standard of Review

A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure is appropriate when the pleadings, depositions, and affidavits on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"As a matter of law, the movant must show entitlement to summary disposition beyond all reasonable doubt." *Alta Health Strategies, Inc. v. Kennedy*, 790 F. Supp. 1085,1089 (D. Utah 1992) (quotations and citations omitted).  Thus, the movant bears an initial burden to demonstrate an absence of evidence to support an essential element of the non-movant's case.  If the movant carries its initial burden, the burden then shifts to the non-movant to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of that element.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

A genuine dispute exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there is no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original).  "Where different inferences can be drawn from conflicting affidavits, depositions and pleadings, summary judgment should not be granted." *Alta Health Strategies, Inc.*, 790 F. Supp. at 1090 (quotations and citations omitted).

**B.  The City**

Defendants assert that Brussow has failed to state a viable cause of action against the City because there is no credible evidence that the alleged constitutional violation committed by its officers was the result of any custom or policy of the City.  *See Monnell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978) (holding that local governments and their representatives may be held liable for civil rights violations only when a plaintiff can prove "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers").  Brussow contends that

the City has no immunity for failure to properly train and supervise its officers because on three

occasions he "observed Salt Lake City police officers routinely use of [sic] excessive force and

hurt young people for no arrestable offenses when officers got frustrated and angry."  Even

assuming such factual assertions may be considered by the court (in the manner as alleged and in

the form presented by Plaintiff), this is insufficient to demonstrate a custom or policy adopted by

the City.  Accordingly, the court recommends that summary judgment be granted in favor of the

City.

### C. Rodin and Swensen

Defendants assert that the officers are entitled to qualified immunity.  Unlike other types

of cases at the summary judgment stage, the plaintiff bears a "heavy two-part burden" after a

defendant asserts a qualified immunity defense.  *See Scull v. New Mexico*, 236 F.3d 588, 595

(10th Cir. 2000).  "Plaintiff must first establish that 'the facts alleged [taken in the light most

favorable to the nonmoving party] show the officer's conduct violated a constitutional right.'"

*Phillips v. James*, 422 F.3d 1075, 1080 (10th Cir. 2005) (quoting *Saucier v. Katz*, 533 U.S. 194,

201 (2001)).  Second, Plaintiff must demonstrate that the right was clearly established at the time

of the alleged constitutional violation.  *See Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir.

2001).  "Only if the plaintiff establishes both elements of the test does the defendant bear the

traditional burden of showing 'that there are no genuine issues of material fact and that he or she

is entitled to judgment as a matter of law.'"  *Scull*, 236 F.3d at 595 (quoting *Albright v.

Rodriguez*, 51 F.3d 1531, 1535 (10th Cir. 1995)).  "If the plaintiff fails to satisfy either part of the

two-part inquiry, the court must grant the defendant qualified immunity."  *Holland ex rel.

Overdorff v. Harrington*, 268 F.3d 1179, 1186 (10th Cir. 2001).

As an initial matter, contrary to Federal Rule of Civil Procedure 56 and the corresponding

local rule, Brussow's opposition memorandum contains no statement of disputed facts and

identifies no facts for which he contends a genuine issue of fact exists.  In Brussow's "Affidavit

& Counter-Statement of Facts" accompanying his memorandum in opposition,  Brussow did not

"refer with particularity to those portions of the record on which the opposing party relies."

DUCiv 56-1(c).  Brussow merely responded to Defendants' statement of facts in an

argumentative and conclusory fashion.  However, the local rules provide that

> [a]ll material facts of record meeting the requirements of Fed. R. Civ. P. 56 that
> are set forth with particularity in the statement of the movant will be deemed
> admitted for the purpose of summary judgment, unless specifically controverted
> by the statement of the opposing party identifying material facts of record meeting
> the requirements of Fed. R. Civ. P. 56.

DUCivR 56-1(c).  The court finds that Brussow failed to specifically controvert Defendants'

submitted facts with references to the record.  As such, the court may deem Defendants'

statement of facts admitted for purposes of this motion.  However, it makes no difference

whether the court relies on Brussow's affidavit or Defendants' statement of facts.  Even

considering the facts most favorable to Brussow, he has failed to establish that the officers'

conduct was violative of the Fourth Amendment.

Addressing the first prong of the qualified immunity analysis, Defendants contend that

the officers' use of force was objectively reasonable and thus constitutionally permissible.  In

determining whether an officer's conduct was reasonable under the Fourth Amendment, courts

"carefully balance 'the nature and quality of the intrusion . . . against the countervailing

governmental interests at stake.'"  *Phillips v. James*, 422 F.3d 1075, 1080 (10th Cir. 2005)

(quoting  *Graham v. Connor*, 490 U.S. 386, 396 (1989)).  "A police officer violates an arrestee's

clearly established Fourth Amendment right to be free of excessive force during an arrest if the

officer's arresting actions were not 'objectively reasonable in light of the facts and circumstances

confronting him.'" *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1313-14 (10th Cir. 2002) (quoting *Graham*, 490 U.S. at 397).  While there is no precise formula to apply, the Supreme Court has set forth the following factors to be considered: (1) "'the severity of the crime at issue,'" (2) "'whether the suspect poses an immediate to the safety of the officers or others,'" and (3) "'whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Phillips*, 422 F.3d at 1080 (quoting *Graham*, 490 U.S. at 396).

Although the severity of the crimes for which Brussow was charged were relatively minor, construing the facts in a light most favorable to Plaintiff, Brussow acknowledges that after he was handcuffed and placed in the backseat of the patrol car, he moved his hands from behind his back, under his thighs, and into his lap.  Brussow further admits to being intoxicated and sitting in the driver's seat of the vehicle at the time the officers arrived.  Because intoxicated suspects in custody who successfully slip their handcuffs have been known to escape, fight with the officers, hide contraband, or gain access to a hidden weapon, it was objectively reasonable for the officers to remove Brussow from the back of the patrol car, put him on the ground, and re-handcuff him.  Because the reasonableness of the officers' conduct is assessed "from the perspective of a reasonable officer on the scene, acknowledging that the officer may be 'forced to make split-second judgments' in certain difficult circumstances," the force used to re-handcuff Brussow was objectively reasonable under the circumstances.  *Olsen*, 312 F.3d at 1314 (quoting *Medina*, 252 F.3d 1131).

Because Brussow has failed to establish that the officers' conduct violated a constitutional right, summary judgment should be granted to the officers.

### III.  RECOMMENDATION

Accordingly, it is hereby RECOMMENDED that Defendants' Motion for Summary

Judgment [Docket # 28] be GRANTED.  Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  The parties must file any objection to the Report and Recommendation within ten days after receiving it.  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 11th day of May, 2006.

BY THE COURT:

_____

PAUL M. WARNER
United States Magistrate Judge